IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **JERRY BROW** § | | **PLAINTIFF** |
| § | | |
| § | | |
| **v.** § | | **Civil No. 1:25-cv-65-HSO-BWR** |
| § | | |
| § | | |
| **LILIANA SALINAS RAMOS DE** § | | **DEFENDANT** |
| **BROW,** *also known as* **LILIANA** § | | |
| **BROW** § | | |

**ORDER OF DISMISSAL WITHOUT PREJUDICE FOR LACK OF SUBJECT-MATTER JURISDICTION**

This matter is before the Court sua sponte. After due consideration of the Complaint and relevant legal authority, the Court finds that pro se Plaintiff Jerry Brow ("Plaintiff") has not met his burden of demonstrating that subject-matter jurisdiction exists. Therefore, this case should be dismissed without prejudice.

I. BACKGROUND

Plaintiff filed a Complaint [1] on March 10, 2025, against Defendant Liliana Salinas Ramos de Brow ("Defendant") alleging: (1) malicious misuse of a forged government document; (2) fraud per se; (3) malicious slander; and (4) intentional infliction of emotional distress. *See* Compl. [1] at 10-16. As the basis for filing in federal court, Plaintiff invoked diversity jurisdiction under 28 U.S.C. § 1332(a). *Id.* at 2. Based on the allegations in the Complaint [1] and the documents included in Plaintiff's proof of service, it appears that Defendant is currently located in the country of Peru, and that Plaintiff attempted to serve her with process at her

1

residence there.  *See id.*; Doc. [4].  As proof of service, Plaintiff submitted the following documents: (1) a proof of delivery which appears to have been signed by a Peruvian courier; (2) a notarized letter verifying the inclusion of the Complaint, summons, and apostille; and (3) a "registration certificate" that includes Defendant's purported address.  *See* Doc. [4].  All English documents were accompanied by Spanish translations from a translation service.  *Id.*

On July 22, 2025, Plaintiff moved for an Entry of Default against Defendant, *see* Mot. [5] at 1, which the Clerk declined to enter because "leaving the summons and complaint under the door of the [D]efendant's residence or other location . . . is insufficient to perfect service of process under Rule 4 of the Federal Rules of Civil Procedure," Docket [6].  The Court then entered an Order [7] to Show Cause because, in addition to improper service of process, Plaintiff had not clearly pled Defendant's citizenship.  *See* Order [7]. The Court gave Plaintiff until September 12, 2025, to demonstrate that it "possesses subject-matter jurisdiction over this matter and that his method of service of process on Defendant Liliana Brow complied with the Federal Rules of Civil Procedure."  *Id.* at 8.

In response to the Court's Order [7], Plaintiff filed a Motion [9] for Extension of Time on September 8, 2025, claiming that in order to perfect service of process, he must return to Peru.  Mot. [9] at 2.  Plaintiff also attempted to clarify the question of diversity jurisdiction, but the Court finds that his efforts fall short. *See generally id.*

## II. DISCUSSION

Federal courts are courts of limited jurisdiction and "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 234 F.3d 912, 916 (5th Cir. 2001). The Court is mindful that "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But the Court is also mindful of its "continuing obligation to assure itself of its own jurisdiction, sua sponte if necessary." *Green Valley Spec. Util. Dist. v. City of Schertz*, 969 F.3d 460, 480 (5th Cir. 2020) (en banc) (internal quotation marks omitted) (quoting *United States v. Pedroza-Rocha*, 933 F.3d 490, 493 (5th Cir. 2019) (per curiam)).

Under 28 U.S.C. § 1332(a)(1), a federal court has original subject-matter jurisdiction where the matter in controversy exceeds $75,000.00 and is between citizens of different States. *See* 28 U.S.C. § 1332(a)(1). "'Between Citizens of different States' means the parties to the action must be completely diverse: '[a] district court cannot exercise diversity jurisdiction if one of the plaintiffs shares the same state citizenship as any one of the defendants.'" *Martinez v. Pfizer Inc.*, 388 F. Supp. 3d 748, 761 (W.D. Tex. 2019) (quoting *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003)). To establish complete diversity, the party invoking federal jurisdiction must "*distinctly* and *affirmatively* allege[]" the citizenship of all

3

parties. *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (emphasis in original) (internal quotation marks omitted). "Citizenship requires not only '[r]esidence in fact' but also 'the purpose to make the place of residence one's home.'" *MidCap Media Finance, L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) (quoting *Texas v. Florida*, 306 U.S. 398, 424 (1939)). Therefore "an allegation of residency alone 'does not satisfy the requirement of an allegation of citizenship.'" *Id.* (quoting *Strain v. Harrelson Rubber Co.*, 742 F.2d 888, 889 (5th Cir. 1984)).

Section 1332(a)(2) provides for jurisdiction between citizens of a "State and citizens or subjects of a foreign state[.]" 28 U.S.C. § 1332(a)(2). "[F]or a dual national citizen, only the American citizenship is relevant for purposes of diversity under 28 U.S.C. § 1332." *Coury v. Prot*, 85 F.3d 244, 250 (5th Cir. 1996). "28 U.S.C. § 1332(a)(3) applies only in a suit between citizens of different states with aliens as additional parties." *Ed & Fred, Inc. v. Puritan Marine Ins. Underwriters Corp.*, 506 F.2d 757, 758 (5th Cir. 1975). But when a person is not a dual citizen and instead is simply a U.S. citizen living abroad, the outcome changes:

> United States citizens living abroad are not considered to be citizens of any state, for diversity jurisdiction purposes, and not being domiciled in any state, are considered 'stateless.' American citizens living abroad cannot be sued, or sue in federal court based on the diversity jurisdiction statute, as they are not citizens of a state under the statute.

1 John J. Dvorske, et al., *Federal Procedure, Lawyer's Edition* § 1:99 (2025). Indeed, an American citizen living abroad is considered "stateless" for diversity purposes. *See id.*; *USAA Life Ins. Co. v. McCabe*, No. 3:23-cv-393, 2024 WL 1218986, at *2

(S.D. Miss. Mar. 21, 2024) ("The Supreme Court interpreted [§ 1332(a)(3)] to mean that a U.S. citizen who 'has no domicile in any State . . . is therefore "stateless" for purposes of § 1332(a)(3).'" (quoting and citing *Newman-Green, Inc. v. Alfonzo-Lorrain*, 490 U.S. 826, 828 (1989)).

In its Order [7], the Court remarked that "it is unclear whether complete diversity of citizenship actually exists" because the Complaint [1] "does not clearly allege the citizenship of Defendant." Order [7] at 4. The Complaint [1] states that "Defendant . . . is a dual National Citizen of United States of America [sic] . . . and of the Country Peru . . . ." Compl. [1] at 2; *id.* at 4. Plaintiff claims that "Defendant has re-established permanent residency in Peru" but never indicates which state, if any, she was a citizen of before returning to Peru. Order [7] at 5. Without this information, the Court found it impossible to determine whether diversity exists; Defendant may be a dual citizen whose state of U.S. citizenship is unknown, or she may possibly be a U.S. citizen simply living abroad, in which case she is stateless. *Id.* at 4-5. *See also Coury*, 85 F.3d at 250; *McCabe*, 2024 WL 1218986, at *2.

These questions remain unanswered by Plaintiff's response to the Order [7] to Show Cause. *See generally* Mot. [9]. Before explaining why he needs more time to serve Defendant, Plaintiff "re affirms [*sic*] citizenship of [Defendant]" by providing documentation showing that she previously resided at 1934 Winwood Drive, Gautier, Mississippi 39553 and is now currently residing at Calle Cruz Verde, #425 Arequipa, Peru. Mot. [9] at 1. But as previously stated, "residence" is not the same as "citizenship." *MidCap*, 929 F.3d at 313. So, it remains unknown

whether Defendant is a dual citizen, a citizen of only Peru, or a U.S. Citizen simply living in Peru. And even if the Court assumes that Defendant is a dual citizen as Plaintiff alleges, it is equally unclear what state Defendant is a citizen of.

Plaintiff was ordered to "*distinctly* and *affirmatively* allege[]" the citizenship of the parties by September 12, 2025. *See* Order [7] at 5 (quoting *Getty Oil Corp*, 841 F.2d at 1259). He has not done so. Given the Court's "continuing obligation to assure itself of its own jurisdiction, sua sponte if necessary," *Green Valley Spec. Util. Dist. v. City of Schertz*, 969 F.3d 460, 480 (5th Cir. 2020) (en banc), it does not need to reach the merits of Plaintiff's Motion [9] for Extension of Time to perfect service of process. Plaintiff has not carried his burden of establishing federal subject-matter jurisdiction over this matter. For this reason, this case should be dismissed without prejudice for lack of subject-matter jurisdiction.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, this civil action is **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.

**SO ORDERED AND ADJUDGED**, this the 22nd day of October, 2025.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
CHIEF UNITED STATES DISTRICT JUDGE